# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0967-16T3

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

      Plaintiff-Respondent,

v.

J.L.,

      Defendant-Appellant,

and

N.S.,

      Defendant.

_____

IN THE MATTER OF THE GUARDIANSHIP

OF J.L., Jr. and K.L., Minors.

_____

      Submitted September 13, 2018 – Decided September 24, 2018

      Before Judges Reisner and Mawla

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FG-16-0098-15.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Jessica M. Steinglass, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Lisa M. Black, Designated Counsel, on the brief).

PER CURIAM

Defendant J.L. appeals from an August 10, 2016 order terminating his parental rights to his two children, J.L., Jr. and K.L., and an October 31, 2016 order denying his reconsideration motion. After a four-day trial, during which both parents testified, Judge Richard M. Freid terminated J.L.'s parental rights, finding that as to J.L., the Division of Child Protection and Permanency (Division) had satisfied all four prongs of the best interests of the child test set forth in N.J.S.A. 30:4C-15.1(a). On the other hand, Judge Freid determined that the children's mother, co-defendant N.S., had successfully completed the services offered to her, and had made significant progress in overcoming her

2

parenting deficits. Accordingly, the judge found that the Division did not

satisfy the second and fourth prongs with respect to N.S.[1]

On this appeal, J.L. raises two issues, which he presents in the following

points:

> THE AUGUST 10, 2016, JUDGMENT OF GUARDIANSHIP SHOULD BE REVERSED BECAUSE THE TRIAL COURT MISAPPLIED THE LEGAL PRINCIPLES OF THE "BEST INTEREST OF THE CHILD STANDARD", N.J.S.A. 30:4C-15.1(a), AS THE DIVISION DID NOT PRESENT CLEAR AND CONVINCING EVIDENCE AT THE GUARDIANSHIP TRIAL THAT THERE WERE NO ALTERNATIVES TO TERMINATION OF PARENTAL RIGHTS AND THAT TERMINATION OF J.L.'S PARENTAL RIGHTS WOULD NOT DO MORE HARM THAN GOOD TO [J.L. Jr.] AND [K.L.].

>> Prong Three. The trial [court] erred in its legal conclusion that there were no alternatives to termination of parental rights as it provided an alternative for N.S. and reopened the protective services litigation to allow N.S. additional time to complete services to effectuate reunification.

>> Prong Four. The trial [court] erred in its legal conclusion that termination of J.L.'s parental rights will not do more harm than

---

[1] The Division's brief advises us that in 2017, the Division filed another guardianship complaint seeking termination of N.S.'s parental rights. While we note this information, it is not a factor in our decision here.

good as it reopened the protective services litigation for N.S. with the goal of reunification and the children will not receive any benefit by severing the parental relationship with J.L.

In essence, J.L. argues that it was unfair for the trial court to give N.S. more time to receive services toward the goal of reuniting with the children, while denying him the same opportunity. He also contends that termination of his parental rights was not in the children's best interests. After reviewing the record, we agree with Judge Freid that the two parents were not similarly situated. We also agree with Judge Freid that termination of J.L.'s parental rights was in the children's best interests, regardless of whether N.S. retained her parental rights. In fact, N.S.'s willingness to end her relationship with J.L., and raise the children without him, weighed in favor of giving her more time. We affirm for the reasons stated in the judge's seventy-page written opinion issued on August 10, 2016, and his October 31, 2016 oral opinion denying reconsideration. J.L.'s appellate arguments are without sufficient merit to warrant further discussion, beyond the following brief comments. R. 2:11-3(e) (1 ) (E).

Judge Freid's opinion reviewed the evidence in great detail. A summary will suffice here. J.L. is cognitively impaired and has severe mental illness,

which can cause him to engage in inappropriate, threatening, and sometimes violent conduct toward those around him. He has a history of engaging in domestic violence and drug abuse. Over a period of several years, J.L. repeatedly failed to cooperate with the Division's efforts to provide him with treatment, and failed to take his psychiatric medication. He sometimes behaved inappropriately toward the children at supervised visits, eventually leading to the suspension of his visitation opportunities. The Division presented unrebutted expert testimony that J.L. was incapable of safely parenting the children and would require years of successful therapy before he might become able to care for them.

On the other hand, by the time of the trial, N.S. had completed a drug treatment program and other services, and she was committed to raising the children on her own. In fact, the evidence supported a conclusion that she could only safely parent the children if she was not co-parenting with J.L., due to his mental illness and history of domestic violence.[2] Neither child had a secure parent-child bond with J.L. They both had a secure bond with their

[2] During the October 31, 2016 oral argument of J.L.'s reconsideration motion, his counsel candidly advised Judge Freid that another Family Part judge had recently entered a final restraining order against J.L. based on domestic violence against N.S.

resource parents, who could mitigate any harm that might result from termination of J.L.'s parental rights.

Our review of Judge Freid's decision is limited and deferential. We will not disturb a trial judge's factual findings so long as they are supported by substantial credible evidence. See N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014). We defer to the judge's evaluation of witness credibility, and to his expertise in family court matters. Id. at 552-53. Because the record contains substantial credible evidence to support Judge Freid's findings, there is no basis for us to disturb his well-reasoned decision. While we do not doubt that J.L. loves his children, he is not capable of caring for them. They need, and are entitled to, the security of a permanent home, either with their resource parents or with N.S.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0967-16T3